NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DAYSI CRUZ,                                   :
                                              :        **Hon. Dennis M. Cavanaugh**
              Petitioner,                     :
                                              :        **OPINION**
              v.                              :
                                              :        Civil Action No. 04-1374 (DMC)
UNITED STATES OF AMERICA,                     :        Criminal No. 02-507 (DMC)
                                              :
              Respondent.                     :

DENNIS M. CAVANAUGH, U.S.D.J.:

        This matter comes before the Court on a petition for writ of habeas corpus relief by

Daysi Cruz ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct

her sentence.  This petition is decided without oral argument pursuant to Rule 78 of the Federal

Rules of Civil Procedure.  After careful consideration of the pleadings submitted in support

thereof, and the papers submitted in opposition thereto by Erez Liebermann, Assistant United

States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for

the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby

**denied**.  Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

## I. BACKGROUND

        Petitioner was arrested and given an initial appearance before this Court on June 14,

2002.  (Respondent's Answer ("R. Ans.") at 1).  Count one of her indictment charged Petitioner

and her co-defendant with knowingly and intentionally conspiring with each other and others to

distribute and having the intention to distribute more than fifty grams of cocaine in violation of

Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), and 846.  (Id. at 1-2).  Count

two of her indictment charged her and her co-defendant with knowingly and intentionally

distributing and possessing with intent to distribute more than fifty grams of cocaine in violation

of Title 21, United States Code, Section 2. (Id. at 2).

Petitioner plead guilty to count one and count two was dismissed.  (Id.)  On November

18, 2002, this Court convicted Petitioner and sentenced her to eighty-seven months of

imprisonment to be followed by five years of supervised release.  (Id.)  On March 28, 2003,

Petitioner appealed the final Judgment of Conviction and Sentence imposed by this Court to the

Third Circuit.  (Id.)  The Third Court affirmed the conviction and sentence of December 31,

2003.  (Id.)  Petitioner then filed this habeas petition on March 24, 2004, arguing: (1) her

conviction under Title 21 should be reversed because Title 21 of the United States Code was

never correctly enacted into law; (2) both the federal government and this Court lack the

authority and jurisdiction to hear a case relating to controlled substances found on private

property in the state of New Jersey; (3) ineffective assistance of counsel; and (4) under Blakely v.

Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), her

sentence violates the Sixth Amendment of the Constitution of the United States.  (See,

Petitioner's Motion to Vacate).

## II. DISCUSSION

### A. Petitioner's Arguments Regarding Title 21

Petitioner's argument that her conviction under Title 21 should be reversed because Title

21 of the United States Code was never correctly enacted into law lacks merit.  The Controlled

Substances Act, Title 21 of the United States Code was enacted in 1970.  See, 84 Stat. 1242.

Section 846 was also enacted in 1970.  See, Id. at 1265.  Title 21 has been cited by this Court and

many others in various opinions.  It has also been reviewed by the United States Supreme Court

on countless occasions.  Title 21 was enacted and remains good law to date.  Therefore,

Petitioner's arguments regarding Title 21 fail to prove that her sentence should be vacated

because Title 21 has clearly been enacted into law and is still the law today.

## B. Ineffective Assistance of Counsel

A petitioner must meet a high standard in order to achieve success on a claim for

ineffective assistance of counsel.  A petitioner making such a claim must first show her

attorney's performance was deficient.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To

prove deficiency, a petitioner must prove the errors committed by her lawyer were so serious that

her attorney failed to function as "counsel" guaranteed by the Sixth Amendment.  Id.  Second, a

petitioner must show that her attorney's deficient performance actually prejudiced her defense.

In order to demonstrate this, a petitioner must show her counsel's errors were so egregious, the

petitioner was deprived of a fair trial.  Id.   A trial is considered fair if the result is reliable.  Id.

A court will consider a lawyer's performance effective if his or her performance appears

reasonable under the prevailing professional norms.  Id. at 688.   Reasonableness is determined

by examining a lawyer's performance and considering the information available to the attorney at

the time of the trial.  Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991).  An attorney's

performance is not judged by "the distorted lense of hindsight." Id.  The reviewing court should

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance" and must not second-guess decisions the lawyer made during the trial.

Strickland, 466 U.S. at 689.

Here, Petitioner argues her attorney's performance was "defiant," "incompetent,"

"unprofessional," and consisted of "concealment, deceit and fraud."  (Petitioner's Reply to

Respondent's Answer ("Pet. Rep.") at 1-2). Petitioner has failed to provide any evidence supporting these allegations and has failed to meet the two prong test set forth in Strickland. Petitioner has not shown how her attorney prejudiced her defense, nor has she shown that her lawyer's conduct was unreasonable at the time. Therefore, Petitioner's claim of ineffective assistance of counsel fails to meet the required high standard and must be dismissed.

### C. Petitioner's Arguments this Court Lacks Jurisdiction

Petitioner argues this Court lacks jurisdiction to convict and sentence her because state law, and not federal law, govern the underlying narcotics offense she was charged with and plead guilty to. This argument also fails because the Controlled Substances Act is a federal law and Congress expressly preempted any conflicting state regulations with respect to this Act. 21 U.S.C. § 903. Congress has the power to preempt state law under the Constitution. Crosby v. National Foreign Trade Council, 530 U.S. 363, 372 (2000), citing Art. VI, cl. 2. This Court therefore had jurisdiction to convict and sentence Petitioner under the Controlled Substance Act.

### D. Petitioner's Arguments under Blakely and Booker

Petitioner's attempt to alter her sentence under Blakely and Booker also fail because both cases do not apply to petitioners whose convictions became final before Booker decision was issued. The Third Circuit addressed the implications of Booker in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), and determined that Booker announced "a new rule of criminal procedure for purposes of Teague v. Lane, 489 U.S. 288 (1989)." Lloyd, 407 F.3d at 612-13. Pursuant to the Supreme Court's holding in Teague, a new criminal procedure rule does not apply to cases that became final prior to the announcement of the new rule. Id. at 611, quoting Teague, 489 U.S. at 310. The Third Circuit also held that "it is the date on which Booker issued, rather than the date on which Blakely issued, that is the appropriate dividing line" to be used

when determining if the new rule applies to a petitioner.  Id. at 611-12.

The Third Circuit affirmed Petitioner's conviction and sentence on December 31, 2003, and the time for seeking certiorari expired ninety days later on March 31, 2004.  Petitioner's judgment therefore became final before Booker was issued on January 12, 2005.  Due to the fact that Booker does not apply, Petitioner's argument that her sentence violates the Sixth Amendment does not prevail.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**.  Accordingly, there is no probable cause for appeal and there is no probable cause to issue a certificate of appealability in connection with this decision. Consequently, the matter is hereby **dismissed**.

 S/ Dennis M. Cavanaugh_____
Dennis M. Cavanaugh, U.S.D.J.

Date:         February 6, 2006
Original:     Clerk's Office
Cc:           All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File